**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Peter M. Kane; Diane M. Kane, | ) ) | No. 10-CV-01787-PHX-JAT |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Michael A. Bosco Jr., Attorney at Law, individually and in his official capacity as Trustee/Successor Trustee on behalf of Central Mortgage Company, *et al.*, | ) ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pending before the Court is Plaintiffs Peter M. Kane's and Diane M. Kane's Motion to Remand (Doc. # 14), Defendants Michael A. Bosco, Jr.'s, Central Mortgage Company's and Mortgage Electronic Registration System, Inc.'s Motion to Dismiss (Doc. # 8), Defendants William G. Roehrnbeck's and R.K. Arnold's Motion to Dismiss (Doc. # 9), and Defendants U.S. Bancorp's and Richard Davis's Motion to Dismiss (Doc. # 11), in which Defendant Thomas E. Prince has joined (Doc. # 12). The Court now rules on the Motions.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On or about March 7, 2005, Plaintiffs Peter M. Kane and Diane Kane (collectively, "Plaintiffs") refinanced their loan on residential real property located in Phoenix, Arizona (the "Loan"). In connection with the Loan, Plaintiffs executed a Promissory Note, dated

March 7, 2005, in the original principal amount of $120,000.00.  The Promissory Note was secured by a Deed of Trust, dated March 7, 2005, executed by Plaintiff Peter M. Kane, as trustor, for the benefit of Downey Savings and Loan Association, F.A., as beneficiary.  The Deed of Trust was recorded on April 5, 2005, in the Official Records of Maricopa County, Arizona, as Document No. 2005-0431948.

On or about December 13, 2005, Downey Savings and Loan Association, F.A., executed a Corporate Assignment of Deed of Trust, which assigned all of its interest in the Deed of Trust to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as "nominee" for Defendant Central Mortgage Company.  Plaintiffs contend that Downey Savings and Loan Association, F.A., is now known as U.S. Bancorp, a fact that is disputed by Defendant U.S. Bancorp.

On or about April 27, 2010, Defendant MERS, as "nominee" for Defendant Central Mortgage Company, assigned the Deed of Trust to Defendant Central Mortgage Company by executing and recording a Corporate Assignment of Mortgage.

On or about May 17, 2010, a Substitution of Trustee was recorded appointing Defendant Michael A. Bosco, Jr., as successor trustee under the Deed of Trust.  Also on May 17, 2010, a Notice of Trustee's Sale was recorded.  The trustee's sale was originally scheduled for August 16, 2010.

In June 2010, Plaintiffs hired a forensic examiner to review Plaintiffs' loan documents.  Many of the allegations in the Complaint are purported violations discovered by the forensic examiner.  Around June 13, 2010, Plaintiffs hired a certified banking expert witness to investigate which entity has the right to foreclose on the property owned by Plaintiffs.  Plaintiffs' Complaint also contains purported violations discovered by Plaintiffs' expert witness.

On July 20, 2010, Plaintiffs filed an action in the Superior Court of Maricopa County, Arizona.  On August 19, 2010, Defendants U.S. Bancorp and Richard Davis filed a Notice of Removal (Doc. # 1) removing the state court action to the United States District Court for the District of Arizona.  The action is currently pending before the Court.

On August 26, 2010, Defendants filed the following motions: (1) Defendants Michael A. Bosco, Jr., Central Mortgage Company, and MERS filed a Motion to Dismiss Plaintiffs' Complaint (Doc. # 8); (2) Defendants William G. Roehrnbeck and R.K. Arnold filed a Motion to Dismiss Plaintiffs' Complaint (Doc. # 9); and (3) Defendants U.S. Bancorp and Richard Davis filed a Motion to Dismiss Plaintiff's Complaint (Doc. # 11), which motion was joined by Defendant Thomas E. Prince (Doc. # 12).

Also on August 26, 2010, Plaintiffs filed an Emergency Petition for Temporary Restraining Order and Preliminary Injunction to stop the trustee's sale scheduled for August 30, 2010, contending that Defendants violated the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), and that Defendant MERS lacked authority to transfer any interest in the property or to initiate the foreclosure proceedings. (Doc. # 13.) On August 27, 2010, the Court denied the petition finding that Plaintiffs failed to show the fair chance of success required to grant a temporary restraining order or preliminary injunction. (Doc. # 17.)

Plaintiffs filed a second Emergency Petition for Temporary Restraining Order and Preliminary Injunction on September 10, 2010, seeking to stop the trustee's sale scheduled for September 13, 2010. (Doc. # 20.) That same day, the Court denied the petition finding that Plaintiffs had effectively filed a motion for reconsideration of the Court's prior order denying relief. (Doc. # 23.)

## II.    MOTION TO REMAND[1]

Plaintiffs have filed a Motion to Remand this action to Maricopa County Superior Court. Defendants U.S. Bancorp and Richard Davis filed an opposition to Plaintiffs' Motion

---

[1] In their Response to Opposition to Motion to Remand, Plaintiffs "move this Court to . . . charge R.K. Arnold with perjury for the perjurious statement in his declaration; and sanction Michael A. Bosco Jr. for his purposeful violation of 28 U.S.C. § 1441(b)." (Doc. # 32 at p. 6.) The Court denies Plaintiffs' motion to charge Defendant R.K. Arnold with perjury based on his declaration (Doc. # 19), and denies Plaintiffs' motion to sanction Defendant Michael A. Bosco, Jr. for allegedly violating the removal statute, 28 U.S.C. 1441(b). The Court finds this case was properly removed. Sanctions are unwarranted.

to Remand (Doc. # 24), which Defendants Thomas E. Prince, Michael A. Bosco, Jr., Central

Mortgage Company, MERS, R.K. Arnold and William G. Roehrnbeck each joined (Docs.

# 25 & 26).  For the reasons set forth below, the Court denies Plaintiffs' Motion to Remand.

### A.    Legal Standard

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

The Court has subject matter jurisdiction over cases involving federal questions pursuant to 28 U.S.C. § 1331, which provides:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Accordingly, in an action involving a federal question, removal is proper if a federal question appears on the face of a well-pleaded complaint. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Ordinarily, when the plaintiff moves to remand a removed case for lack of subject-matter jurisdiction, the federal district court undertakes a threshold inquiry; typically the court determines whether complete diversity exists or whether the complaint raises a federal question." *Osborn v. Haley*, 549 U.S. 225, 242 (2007).

With respect to claims in which district courts do not have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  The removal statute provides that when claims or causes of action involving federal questions are "joined with one or more otherwise non-

removable claims or causes of action, the *entire case* may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (emphasis added).  District courts may decline to exercise supplemental jurisdiction over state-law claims if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Whether the district court will exercise supplemental jurisdiction and permit removal of state law claims is in the discretion of the district court.  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

### B.    Analysis and Conclusion

Defendants U.S. Bancorp and Richard Davis removed this action pursuant to 28 U.S.C. § 1331, because Plaintiffs' Complaint alleged violations of the following federal laws: TILA, RESPA, the Federal Trade Commission Act ("FTCA"), and the Federal Deposit Insurance Act.  The Court has original jurisdiction of all claims that arise under the laws of the United States, *see* 28 U.S.C. § 1331, and the Court also has supplemental jurisdiction over Plaintiffs' state-law claims, which also arise in connection with the enforceability of the Loan, *see* 28 U.S.C. § 1367.

Plaintiffs do not contend that jurisdiction under 28 U.S.C. § 1331 is lacking because there are no federal questions asserted in the Complaint.  Instead, Plaintiffs argue that remand to the Maricopa County Superior Court (or, alternatively, to the U.S. Supreme Court) is proper for the following reasons: (1) Defendants committed crimes and felonious acts against the State of Arizona (Doc. # 14 at ¶ 1); (2) the state law claims and issues raised by the Complaint predominate over the federal claims (*Id.* at ¶ 13); and (3) Defendants did not properly appear in state court, and, therefore, did not have authority to remove the case (*Id.*

at ¶ 15).  Plaintiffs also attempt to argue the merits of the Complaint in the Motion to Remand.  The Court will not address the merits of Plaintiffs' claims and allegations against Defendants in connection with Plaintiffs' Motion to Remand.

### 1.    Crimes Against the State of Arizona

Plaintiffs argue that Defendants have committed crimes against the State of Arizona, and, as a result of such crimes, removal to the U.S. Supreme Court, not the U.S. District Court, is proper.  Plaintiffs misunderstand the jurisdiction of the federal courts.

The U.S. Supreme Court has exclusive jurisdiction over suits between two or more States, and original, but not exclusive jurisdiction, over controversies between the United States and a State, or a State and citizens of another State.  28 U.S.C. § 1251.  The State of Arizona is not a party to this action, and Plaintiffs' provide no authority for maintaining a *qui tam* action on behalf of the State of Arizona for alleged crimes committed by Defendants.  Further, the Court was unable to find any allegations in the Complaint that Defendants committed crimes against the State of Arizona; the existence of allegedly felonious acts is raised for the first time in the Motion to Remand.  Accordingly, this action is not removable to the U.S. Supreme Court, nor is it subject to remand to Maricopa County Superior Court for any crimes against the State of Arizona alleged by Plaintiffs in the Motion to Remand.

### 2.    Predomination of State Law Claims

Plaintiffs argue that the Court should remand this action because Plaintiffs' state law claims "predominate over claims for which the District [Court] has original jurisdiction." (Doc. # 14 at ¶ 13.)  The supplemental jurisdiction statute, 28 U.S.C. § 1367, permits a district court to decline to exercise supplemental jurisdiction over state law claims when the state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c).  State law claims can substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Plaintiffs do not argue how their state law claims predominate over the federal claims, other than to state that federal jurisdiction is "extremely limited" while "the State has

1  undeniable, unlimited jurisdiction" (Doc. # 14 at ¶ 12).  The Court will not decline to
2  exercise supplemental jurisdiction for this reason.  The Court does not find that Plaintiffs'
3  various state law claims of fraud and the invalidity of the Loan predominate over the federal
4  law claims, because all of these claims arise from the same transaction or series of
5  transactions relating to the Loan.  Remanding the state law claims does not comport "with
6  the underlying objective of most sensibly accommodating the values of economy,
7  convenience, fairness, and comity."  *Executive Software N. Am. Inc. v. U.S. Dist. Court*, 24
8  F.3d 1545, 1557 (9th Cir. 1994) (citing *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303,
9  1309 (9th Cir. 1992)).  Accordingly, the Court will not decline to exercise its supplemental
10  jurisdiction over the state law claims asserted by Plaintiffs.

11              **3.      Notice of Appearance**[2]

12        Plaintiffs' final argument in support of their Motion to Remand is that Defendants'
13  attorneys did not properly appear in Maricopa County Superior Court before filing pleadings;
14  therefore, Defendants did not have authority to file a motion to remove the case.  (Doc. # 14
15  at ¶ 15.)  Plaintiffs rely on Rule 5.1(a)(1) of the Rules of Civil Procedure for the Superior
16  Courts of Arizona, which requires an attorney to appear as counsel of record.

17        First, it is not necessary for Defendants to file a *motion* to remove the case to federal
18  court.  Pursuant to Rule of Practice of the U.S. District Court for the District of Arizona
19  ("Local Rule") 3.7, a civil action is removed to the district court by filing a "Notice of
20  Removal."   Defendants properly filed a Notice of Removal.   (Doc. # 1.)   Second,
21  Defendants' attorneys were not required to file notices of appearance with the state court

22  _____

23        [2] With respect to Plaintiffs' argument concerning notice of appearance requirements,
     Plaintiffs allege that "U.S.D.C. refuse [sic] to invoke said requirement as a means to advocate
24  for banks and protect banks attorneys from being held liable for their illicit and contemptuous
     behavior against the courts and America in general" (Doc. # 32 at ¶ III.5), and "it is
25  impossible for any Arizonan to receive justice in the U.S.D.C. due to the bias and prejudices
     of the judges" (*Id.* at p. 6).  To the extent these allegation can be considered a motion to
26  recuse, that motion is denied.  Further, the Court denies Plaintiffs' request that the Court state
     for the record: "U.S.D.C. exists for no other reason than to protect banks and lawyers from
27  being held accountable by the 'people' of the states and the States" (*Id.* at ¶ IV.11).
28

1    prior to filing the Notice of Removal with the district court.

2         Local Rule 83.3 does not require an attorney to file a separate notice of appearance

3    before filing any documents with the district court. The filing of an initial pleading or motion

4    counts as an appearance such that no separate notice is required. *Mason v. Utley*, 259 F.2d

5    484, 485 (9th Cir. 1958) (filing a motion to dismiss qualifies as an "appearance").   No

6    purpose would be served by interpreting Local Rule 83.3 as requiring a separate notice of

7    appearance when defense counsel files a motion or pleading such that all parties are on notice

8    regarding the identity of defense counsel. *See Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th

9    Cir. 1987) (refusing to adopt a rule whereby "[w]heels would spin for no practical purpose").

10        Accordingly, Defendants' Notice of Removal and Motions to Dismiss constitute

11   notices of appearance for purposes of this case.   The Court will not require Defendants'

12   attorneys to file separate notices of appearance in the state court or the district court.

13   Contrary to Plaintiffs' argument, Defendants' removal is not prohibited or nonexistent as a

14   result of the failure to file separate notices of appearance with the Maricopa County Superior

15   Court.

16        Based on the foregoing, the Court denies Plaintiffs' Motion to Remand.

17   **III.   MOTIONS TO DISMISS**[3]

18        Three Motions to Dismiss have been filed in this action.   Each Defendant in this

19   action has either filed, or joined, a Motion to Dismiss.   The Court will grant the Motions to

20   Dismiss for the reasons set forth below.

21        ***A.   Legal Standards***

22        The Motions to Dismiss have been filed under various provisions of Federal Rules of

23   Civil Procedure.  The legal standards the Court will apply in granting the Motions to Dismiss

24   are set forth below.

25        Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain

26

27        [3] Several Defendants have joined in various motions to dismiss and/or replies in
     support of motions to dismiss. To the extent the Court needs to address these joinders, they
28   are granted.

statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. U.S. Dep't of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Id.*

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE §1202, 94, 95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan*, 478 U.S. at 286.

With respect to Plaintiffs' allegations of fraud, Rule 9(b) governs the pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). Rule 9(b) requires

1   allegations of fraud to be "specific enough to give defendants notice of the particular
2   misconduct which is alleged to constitute the fraud charged so that they can defend against
3   the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*,
4   236 F.3d 1014, 1019 (9th Cir. 2001).  "While statements of the time, place and nature of the
5   alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are
6   insufficient."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989).

7               **B.      Analysis and Conclusion**

8               Defendants Michael A. Bosco, Jr., Central Mortgage Company, and MERS move to
9   dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 8, 10(b), and
10  12(b)(6).  Defendants William G. Roerhnbeck and R.K. Arnold move to dismiss Plaintiffs'
11  Complaint pursuant to Rule 12(b)(1), (2), (5) and (6).  Defendants U.S. Bancorp[4] and Richard
12  Davis, joined by Defendant Thomas E. Prince, move to dismiss Plaintiffs' Complaint
13  pursuant to Rule 12(b)(6).

14              Plaintiffs filed a Response to Defendants' Motions to Dismiss and Response to
15  Defendants' Joinders to Motions to Dismiss (Doc. # 21), in which Plaintiffs failed to address
16  any of the arguments raised in Defendants' Motions to Dismiss.  Plaintiffs' new allegations
17  in their Response will not be considered by the Court.  In determining whether to grant a
18  motion to dismiss, the Court will not look beyond Plaintiffs' Complaint to Plaintiffs' moving
19  papers. *See Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

20              **1.      Sufficiency of the Pleadings**

21              Plaintiffs' Complaint makes references to various federal and Arizona statutes, cases
22  and legal theories, but lacks facts to support claims or valid, cognizable legal theories.  The
23  Complaint also lacks specific, clearly defined allegations as to each Defendant.  Further, the

24

25              [4]  According to Defendant U.S. Bancorp, the bank that acquired Plaintiffs' original
26  mortgage lender is U.S. Bank National Association, Successor in Interest to the Federal
    Deposit Insurance Corporation, as Receiver for Downey Savings and Loan Association F.A.
27  U.S. Bank, a subsidiary of Defendant U.S. Bancorp, responded to the substance of the
28  allegations as if it were a named party in this action.

Complaint fails to give Defendants fair notice of claims plainly and succinctly, which warrants dismissal of this action.  Throughout the Complaint, Plaintiffs state that claims "may exist" or that Plaintiffs have been "assured" that claims exist.  These speculations make it unclear if Plaintiffs are, in fact, asserting such claims against some or all of Defendants.  Consequently, the Court finds that the Complaint fails to contain short and plain statements of the claims showing Plaintiffs are entitled to relief.  As discussed below, Plaintiffs also fail to plead their multiple allegations of fraud with particularity.   Therefore, Plaintiffs' Complaint fails to satisfy the pleading requirements in Federal Rules of Civil Procedure 8 and 9.

### 2.     Dismissal of Successor Trustee

Defendants correctly point out that Plaintiffs' Complaint fails to make any factual allegations pertaining to a breach of Defendant Michael A. Bosco, Jr.'s obligations as successor trustee under the Deed of Trust.  Defendants argue that because Plaintiffs failed to allege any violation of Arizona's deeds of trust statutes, A.R.S. §§ 33-801 to 33-821, or any violation of the provisions of the Deed of Trust, Defendant Michael A. Bosco, Jr. should not have been named as a party to this action.  As support for this contention, Defendants cite Arizona Revised Statutes Section 33-807(E), which provides:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust.  Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter.  If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

This section limits the joinder of trustees in litigation not premised on an alleged breach of their duties as trustees.

Here, Plaintiffs are not alleging any violations of Defendant Michael A. Bosco, Jr.'s obligations under the Deed of Trust or the statutes governing deeds of trust.  Further, Plaintiffs do not allege any defects in the trustee's sale process.  Therefore, section 33-807(E) entitles Defendant Michael A. Bosco, Jr. to immediate dismissal.

### 3.     Dismissal of Defendants Roerhnbeck, Arnold, Davis and Prince

1    Defendants William G. Roerhnbeck, R.K. Arnold, Richard Davis and Thomas E.

2    Prince (collectively, the "Individual Defendants") move to dismiss Plaintiffs' Complaint for

3    failure to state a claim, because the Complaint is devoid of allegations that Plaintiffs have

4    suffered an injury because of any purported acts or omissions by any of the Individual

5    Defendants.

6    In order to survive a motion to dismiss, a complaint must give defendants fair notice

7    of the plaintiff's claim.  FED.R.CIV.P. 8(a)(2); *see also Swartz v. KPMG LLP*, 476 F.3d 756,

8    764 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple

9    defendants together but 'require[s] plaintiffs to differentiate their allegations when suing

10   more than one defendant . . . and inform each defendant separately of the allegations

11   surrounding his alleged participation in the fraud.'" (quoting *Haskin v. R.J. Reynolds

12   Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998))).

13   Plaintiffs' Complaint fails to allege that any of the Individual Defendants were a party

14   to the Promissory Note or the Deed of Trust, or were personally involved in the origination

15   or servicing of the Loan.  Plaintiffs' Complaint does not allege that the Individual Defendants

16   were personally involved in the assignment of the Loan or the trustee's sale.  Plaintiffs'

17   Complaint does not allege that any of the Individual Defendants had any contact whatsoever

18   with Plaintiffs.  Finally, Plaintiffs' Complaint fails to inform the Individual Defendants of

19   the allegations surrounding their alleged participation in the blanket assertions of fraud

20   throughout the Complaint.  In short, Plaintiffs' Complaint fails to set forth any affirmative

21   conduct on the part of any of the Individual Defendants.

22   Defendant William G. Roerhnbeck is the President and Chief Executive Officer of

23   Defendant MERS.  Defendant R.K. Arnold is the President and Chief Executive Officer of

24   Defendant Central Mortgage Company.  Defendant Richard Davis is the President of U.S.

25   Bancorp.  And, Defendant Thomas E. Prince is the former President and Chief Executive

26   Officer of Downey Savings and Loan Association, F.A.  Under Arizona law, corporate

27   directors, officers and managers cannot be held personally liable for a corporation's torts

28   unless they "participated in the tort or have knowledge amounting to acquiescence or are

1  guilty of negligence in the management or supervision of the corporate affairs causing or

2  contributing to the injury." *Marlyn Nutraceuticals Inc. v. Improvita Health Prods.*, 663 F.

3  Supp. 2d 841, 847 (D. Ariz. 2009) (quoting *Bischofshausen, Vasbinder, & Luckie v. D.W.*

4  *Jaquays Min. & Equip. Contractors Co.*, 700 P.2d 902, 908–09 (Ariz. Ct. App. 1985)).

5  Accordingly, Plaintiffs cannot hold the Individual Defendants liable for acts allegedly

6  committed by their employers without pleading any facts in support of personal liability.

7      Plaintiffs' failure to specifically plead any claims against the Individual Defendants,

8  and Plaintiffs' failure to cite any acts or omissions of the Individual Defendants entitle

9  Defendants William G. Roehrnbeck, R.K. Arnold, Richard Davis and Thomas E. Prince to

10  dismissal from this action.

11              **4.     Federal Claims Barred**

12      Plaintiffs allege unspecified violations of TILA, RESPA, FTCA, and the Federal

13  Deposit Insurance Act.  Plaintiffs' Complaint contains no factual allegations which could

14  support claims under these federal statutes.  Additionally, Plaintiffs fail to identify any

15  provisions of these statutes that Defendants allegedly violated.  Plaintiffs' failure to do so

16  subjects their claims to dismissal.

17      First, Plaintiffs neither allege the particular conduct by Defendants that resulted in a

18  violation of TILA, nor identify any provision of TILA that Defendants allegedly violated.

19  Plaintiffs' blanket assertion of a violation is insufficient to give Defendants fair notice of the

20  claim and the grounds upon which it rests.  Therefore, the Court will dismiss Plaintiffs' TILA

21  claim for failure to state a claim upon which relief can be granted.  Moreover, it appears that

22  any amendment to Plaintiffs' purported TILA claim would be futile.  Claims for damages

23  under TILA have a one-year statute of limitations, 15 U.S.C. § 1640(e), and claims for

24  rescission have a three-year statute of limitations from the date the consumer became

25  contractually obligated on the loan, *id.* § 1635(f).  Plaintiffs entered into the Loan in 2005,

26  and this action was commenced more than five years later in 2010.  Accordingly, Plaintiffs'

27  TILA claims are barred by the statutes of limitations.

28      Second, with respect to the alleged violations of RESPA, Plaintiffs do not allege what

conduct by Defendants violated RESPA, and Plaintiffs do not identify any provision of RESPA that Defendants allegedly violated.  As stated above, Plaintiffs' blanket assertion of a RESPA violation is insufficient to give Defendants fair notice of the claim and the grounds upon which it rests.  Therefore, the Court will dismiss Plaintiffs' RESPA claim for failure to state a claim upon which relief can be granted.  Moreover, it appears that any amendment to Plaintiffs' purported RESPA claim would be futile.   The statute of limitations for violations of Section 2605 of RESPA is three years, and the statute of limitations for violations of Sections 2607 and 2608 is one year from the date of the occurrence of the violation. 12 U.S.C. § 2614.  Plaintiffs entered into the Loan in 2005, and this present action was commenced in 2010.  Thus, any claim Plaintiffs may have under RESPA is time-barred.

Third, with respect to FTCA, 15 U.S.C. § 45(a)(1), private litigants cannot maintain a claim for unfair trade practices under this Act.  *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280–81 (9th Cir. 1973); *Diessner v. Mortgage Elec. Registration Sys*, 618 F. Supp. 2d 1184, 1191 (D. Ariz. 2009).  Initial remedial powers under this Act are vested solely in the Federal Trade Commission.  *Id.*  Therefore, Plaintiffs cannot state a claim for which relief can be granted.  This deficiency cannot be cured by an amendment to the pleadings.

Fourth and finally, Plaintiffs neither allege what conduct by Defendants violated the Federal Deposit Insurance Act, nor identify any provision of this Act that Defendants allegedly violated.  As stated above, Plaintiffs' blanket assertion of a violation is insufficient to give Defendants fair notice of the claim and the grounds upon which it rests.  Therefore, the Court will dismiss Plaintiffs' Federal Deposit Insurance Act claim for failure to state a claim upon which relief can be granted.

### 5.    Fraud

Regardless of the merits of Plaintiffs' underlying claims for fraud, the allegations in Plaintiffs' Complaint that Defendants' actions were fraudulent are insufficient.  Plaintiffs failed to plead fraud with the requisite particularity in order to survive a motion to dismiss.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED.R.CIV.P. 9(b).  Plaintiffs' allegations with respect to

fraud are not made with particularity.  Rather, Plaintiffs' allegations amount to mere conclusory statements and general averments of fraud.  Plaintiffs do not allege the time, place or nature of Defendants' allegedly fraudulent conduct.  Plaintiffs base their allegations of fraud on information and belief, and fail to attribute particular fraudulent statements or acts to specific defendants.  *See Moore*, 885 F.2d at 540.  Consequently, Plaintiffs' allegations of fraud are subject to dismissal.

### 6.    Authority to Foreclose

Plaintiffs argue that due to the allegedly incorrect title of the Corporate Assignment of Mortgage, this document "may have no validity" (Compl. at ¶ 40), and as a result, "it appears as though Central Mortgage Company could not be a valid beneficiary" (*Id.* at ¶ 41). With respect to this line of argument, Plaintiffs' Complaint provides only speculation, not concrete allegations.  Regardless, Defendant MERS's failure to title the document as a Corporate Assignment of *Deed of Trust*, instead of Mortgage, does not invalidate the Corporate Assignment of Mortgage and subsequent transactions. *See Villas at Hidden Lakes Condo. Ass'n v. Geupel Constr. Co.*, 847 P.2d 117, 121–22 (Ariz. Ct. App. 1992) (holding that a recorded document stating its terms and purpose gives sufficient notice to third parties). Contrary to Plaintiffs' supposition, an assignment of beneficial interest under a trust deed is indexed in the same manner as a mortgage in the official records of the county recorder.  A.R.S. § 33-815.  Plaintiffs do not allege that the content of the Corporate Assignment of Mortgage was deficient, inaccurate, or insufficient to provide notice to Plaintiffs. Therefore, Plaintiffs' speculation that Defendants did not have authority to initiate and maintain a non-judicial foreclosure action based on the mistitled assignment fails to state a claim upon which relief can be granted.

### 7.    Capacity of MERS

Plaintiffs appear to allege that Defendant MERS did not have the capacity assign security instruments or initiate the foreclosure process.  MERS is listed on the Deed of Trust as the "nominee" for Defendant Central Mortgage Company.  On or about April 27, 2010, MERS assigned the Deed of Trust to Defendant Central Mortgage Company.  Plaintiffs'

objections to the validity of the Loan appear to stem from the MERS system. As the Court has previously stated:

> Under the MERS system, at the origination of a residential loan, the lender takes possession of a promissory note and the borrower and lender agree to designate MERS as the beneficiary under a deed of trust. Under the MERS system, the rights to the mortgage are tracked internally and not recorded in the public records each time the rights to the mortgage are bought and sold, so long as the buyer is a member of the MERS system.

*Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, at *10 (D. Ariz. Sept. 24, 2009).

Plaintiffs' objections to this system appears to be that MERS, as nominee, does not have capacity to assign deeds of trust. However, Plaintiffs have not directed the Court to any Arizona case that finds that MERS does not have capacity to assign deeds of trust, or that the MERS system is fraudulent. Indeed, Plaintiffs have failed to allege what effect, if any, the assignment of the Deed of Trust to Defendant MERS, as a nominee of Defendant Central Mortgage Company, had upon their obligations as borrowers. Contrary to Plaintiffs' allegations, the Court fails to see how the MERS system lacks authority as a nominee of lenders to assign deeds of trust, and how, in assigning deeds of trust, commits fraud or records forged or false documents, as Plaintiffs allege. For these reasons, Plaintiffs' allegations fail as a matter of law under Rule 12(b)(6).

### 8.    Holder in Due Course

According to the Complaint, Plaintiffs have been "assured" by their expert witness that not one of the Defendants is the current beneficiary of the Promissory Note, and as a result, not one of Defendants is the current beneficiary of the Deed of Trust. Plaintiffs also have been "assured" by their expert witness that not one of Defendants is a holder in due course of the Promissory Note.

In Arizona, and "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002); *see also* A.R.S. § 33-807(A) (providing power of sale authority to trustee after default). Plaintiff does not cite, nor is the Court aware

of, any controlling Arizona authority requiring the production of the original note before the commencement of a trustee's sale.  To the contrary, courts within the District of Arizona "have routinely held that [the] 'show me the note' argument lacks merit." *Diessner*, 618 F. Supp. 2d at 1187 (quoting *Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)).  Given the absence of any guiding authority by the Arizona Supreme Court or the Arizona Court of Appeals to the contrary, the Court agrees with the unanimous authority within the District of Arizona, and dismisses Plaintiffs' claims based upon a "show me the note" argument.

Plaintiffs also contend that the Promissory Note was altered by a stamp, which rendered it invalid.  However, an instrument may be indorsed without rendering it invalid. A.R.S. § 47-3204.  Plaintiffs also contend that the Promissory Note constitutes a check or a "currency exchange," which discharged Plaintiffs as obligors.  However, Plaintiffs do not allege that they paid the Promissory Note in full, or that they are not in breach of their obligations under the Promissory Note or the Deed of Trust.  Instead, Plaintiffs appear to argue that the Loan is not a real loan.  This position has been repeatedly rejected by courts as implausible and not a basis for relief. *See Sequeira v. Wells Fargo Home Mortgage*, 2009 WL 890463, at *1 (N.D. Cal Apr. 1, 2009) (citing numerous courts rejecting this theory of liability).  Accordingly, Plaintiffs' contention that they are not obligors under the Promissory Note fails to state a claim upon which relief can be granted.

### 9.      Forged, Fraudulent or False Documents

Plaintiffs allege that, according to their forensic examiner, Defendants appear to "have filed and/or recorded numerous forged, fraudulent, and/or false documents in the Maricopa County Recorder's Office."  (Compl. at ¶ 51.)  Plaintiffs fail to state which documents are allegedly forged, fraudulent, or false.  Further, as set forth above, Plaintiffs fail to plead their multiple allegations of fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  Plaintiffs' blanket assertion is insufficient to give Defendants fair notice of the claim and the grounds upon which it rests.  Therefore, the Court will dismiss Plaintiffs' allegations of filing or recording forged, fraudulent or false documents for failure to state a claim upon

which relief can be granted.

### 10.    Conjoined Promissory Note and Deed of Trust

Plaintiffs allege that the Deed of Trust is invalid, because the Promissory Note and the Deed of Trust were not conjoined as a single document.  (Compl. at ¶¶ 86–89.) Plaintiffs' Complaint states that Defendants must show that the Deed of Trust and the Promissory Note were always together.  (*Id.* at ¶ 91.)  This argument lacks merit under Arizona law.  As the Court has previously stated:

> Indeed, Plaintiffs' allegations would foreclose the very splitting of a promissory note from a deed of trust.  Such an approach, of course, would intrude into the realm of third-party beneficiary contracts, as well as assignments and delegations.

*Cervantes*, 2009 WL 3157160, at *10.  Plaintiffs' reliance on *Carpenter v. Longan*, 83 U.S. 271 (1872), is misplaced.  "*Carpenter* 'concerns a loan that had not yet matured and not a home mortgage in default as in the present case.'"  *Maxa v. Countrywide Loans, Inc.*, 2010 WL 2836958, slip op. at *4 (D. Ariz. July 19, 2010) (quoting *Nicholson v. OneWest Bank*, 2010 WL 2732325, slip op. at *4 n.5 (N.D. Ga. Apr. 20, 2010)).  Accordingly, Plaintiffs' assertion that the Deed of Trust is invalid, because the Promissory Note and the Deed of Trust were not physically together, fails to state a claim upon which relief can be granted.

### 11.    Nature of Relief Requested

Plaintiffs appear to request declaratory judgment by asking the Court to interpret the Deed of Trust and determine and declare if Defendants have the right to exercise their rights under the Deed of Trust.  (Compl. at p. 19.)  Plaintiffs' request for declaratory relief fails, because Plaintiffs' do not set forth what declaration they request from the Court. Additionally, based on Plaintiffs' failure to state a viable claim for relief against Defendants, Plaintiffs' request for declaratory relief fails for this reason as well.

Based on the foregoing, the Court will grant Defendants' Motions to Dismiss.

## IV.    LEAVE TO AMEND

In this case, Plaintiffs have not amended, nor sought leave to amend, their original complaint as a matter of right under Federal Rule of Civil Procedure 15.  Defendants U.S.

Bancorp and Richard Davis filed the last motion to dismiss on August 26, 2010. Because the 21-day time frame to file an amendment following a motion to dismiss has expired, Plaintiffs have lost their right to amend their complaint as a matter of course. FED.R.CIV.P. 15(a)(1). However, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* at 1129 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

In this case, the Court cannot say that *some* of the deficiencies in Plaintiffs' Complaint could not be cured by amendment; therefore, the Court will grant Defendants' Motions to Dismiss with leave to amend. To avoid the futility of pleading claims that cannot survive a subsequent motion to dismiss, Plaintiffs may only reassert their claims for: (1) fraud, which claim or claims must be pled with particularity in the manner required by Federal Rule of Civil Procedure 9(b); (2) violations of Arizona's deed of trust statutes or violations of the provisions of the deed of trust or promissory note; (3) violations of the Federal Deposit Insurance Act, provided that Plaintiffs cite to a specific provision of the Act that has allegedly been violated; (4) forgery, provided that Plaintiffs identify the specific forged document, and how such document was forged; and (5) the specific declaratory relief requested, if any. Additionally, if Plaintiffs file an amended complaint, then they may not re-plead legal theories that the Court addressed and dismissed in this Order.

Plaintiffs are cautioned that they must satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure in order to survive a subsequent motion to dismiss. If Plaintiffs file an amended complaint, then they are directed to state their claims in separate counts to enable Defendants to frame their responsive pleadings. Plaintiffs must also identify which Defendant or Defendants committed the alleged wrong set forth in the separate counts.

Accordingly,

1      **IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. # 14) is DENIED.

2      **IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Docs. # 8, 9 &

3  11) are GRANTED without prejudice.

4      **IT IS FURTHER ORDERED** that Defendants Michael A. Bosco, Jr.'s, Central

5  Mortgage Company's and MERS's request for an award of attorneys' fees and costs is

6  DENIED without prejudice.  Consistent with this Order, Defendants may file a motion for

7  attorneys' fees and costs in accordance with Local Rule 54.2.

8      **IT IS FINALLY ORDERED** that Plaintiffs have 21 days from the date of this Order

9  to file an amended complaint to cure the deficiencies identified herein.  If Plaintiffs fail to

10  file an amended complaint within 21 days, the Clerk of the Court shall, without further Court

11  order, enter judgment in favor of Defendants.

12      DATED this 23rd day of November, 2010.

James A. Teilborg
United States District Judge